UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ARIZONA HUDSON VALLEY LLC,

            Plaintiff,

        - against –

FABIAN PIETRZYKOWSKI and FABIAN
CONSTRUCTION LLC,

            Defendants.

------------------------------X

**MEMORANDUM AND ORDER**

20 Civ. 2508 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Arizona Hudson Valley LLC brought suit against defendants Fabian Pietrzykowski and Fabian Construction LLC for breach of contract and fraud arising from an agreement by defendants to undertake certain construction work at plaintiff's property in Hurley, New York. Defendants now move to dismiss the suit for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, defendants' motion is granted.

### BACKGROUND

**1. Procedural History**

Plaintiff filed its complaint on March 23, 2020. ECF No 1. On May 4, 2020, Pietrzykowski answered the complaint pro se, purportedly on behalf of both himself and Fabian Construction LLC, using the following address: 13 Old Brookside Rd., Randolph, N.J. 07869 (the "Randolph, N.J. Address"). ECF No. 22. After the Court

ordered that Fabian Construction LLC retain counsel, ECF No. 25, counsel appeared on behalf of both defendants and filed a letter requesting a pre-motion conference to propose moving to dismiss the complaint as jurisdictionally defective. ECF No. 28.

In response, plaintiff filed an Amended Complaint, ECF No. 32 ("Am. Compl."), alleging (1) that plaintiff is an LLC organized pursuant to the laws of Delaware with a principal place of business in New York; (2) that the sole member of the plaintiff is Arizona Investissements US LLC, itself an LLC organized under the laws of Delaware with a principal place of business in New York; and (3) that the sole member of Arizona Investissements US LLC is Jordan Bem, a national of both France and the United States with residence in the City and State of New York. Am. Compl. ¶¶ 2-4. The Amended Complaint also alleges that Pietrzykowski "is a natural person with [the] address of 255 Warren Street, Apt. 6, Englewood, N.J. 07631," (the "Englewood, N.J. Address"), id. ¶ 5, and that Fabian Construction LLC is a limited liability corporation, which was registered in the State of New Jersey prior to having its charter revoked in April of 2016. Id. ¶¶ 6-7. The Amended Complaint states that the last registered agent and registered office of the LLC is "Fabian Pietrzykowski, 255 Warren Street, Apt. 6, Englewood, NJ 07631." Id. ¶ 9.

After plaintiff filed the Amended Complaint, defendants renewed their application to seek a pre-motion conference,

asserting that the Amended Complaint admitted that plaintiff was a citizen of New York, that defendants were likewise citizens of New York, and that therefore the Amended Complaint should be dismissed for lack of subject-matter jurisdiction. ECF No. 35. The Court held a conference by telephone on October 8, 2020, after which it granted defendants leave to file their motion. Defendants filed the present motion on December 23, 2020, and briefing was completed on February 5, 2021.

## 2. **Jurisdictional Evidence**

Prior to defendants filing their motion, plaintiff submitted several documents to support its position that defendants are domiciled in the state of New Jersey. Those are: (1) Pietrzykowski's New Jersey license, issued on July 25, 2019 and exhibiting the Randolph, N.J. Address, ECF No. 36, Ex. B; (2) the Certificate of Formation for Fabian Construction LLC from the New Jersey Department of the Treasury (the "N.J. Treasury"), issued on September 24, 2013 and listing Pietrzykowski as the sole member of the LLC along with the Englewood, N.J. Address, id. Ex. C; and (3) the Certificate of Reinstatement for Fabian Construction LLC from the N.J. Treasury, issued on April 14, 2020, and which lists Pietrzykowski as the registered agent with an office at the Englewood, N.J. Address and as the sole officer and director with an address at the Randolph, N.J. Address, id. Ex. D.

In support of the defendants' motion, Pietrzykowski submitted

a declaration explaining that he has lived at 1550 Townsend Ave., Apt. 6E, Bronx, N.Y. 10452 (the "Bronx, N.Y. Address") "for a decade" with his wife and two of his children, and that he "plan[s] on continuing to live in this apartment, and in New York City, for the foreseeable future." Declaration of Fabian Pietrzykowski, ECF No. 43 (the "Pietrzykowski Decl.") ¶ 2. The declaration goes on to explain that when Pietrzykowski started Fabian Construction LLC, he rented an office at the Englewood, N.J. Address, but has not used the office for several years and no longer rents the office. Id. ¶ 5. It also states that in renewing the company's registration in 2020, Pietrzykowski failed to correct the address by mistake. Id. Finally, Pietrzykowski explains that in obtaining his New Jersey license, he used the address of an ex-girlfriend with whom he has two other children but claims he does not live with her and is in the process of obtaining a New York license. Id. ¶ 7.

The declaration further attaches several documents as evidence to demonstrate that Pietrzykowski is domiciled in New York. These are: (1) the lease renewal form for the Bronx, N.Y. Address signed by Pietrzykowski's wife and extending the lease to June 30, 2021, id. Ex. A; (2) a ConEdison bill for the Bronx, N.Y. Address in both Pietrzykowski and his wife's name, dated October 2, 2014, id., Ex. B; (3) Pietrzykowski's Chase bank statement dated November 4, 2020 and listing the Bronx, N.Y. Address, id., Ex. C;

(4) a copy of the birth certificates for two of Pietrzykowski's children from hospitals in New York City, dated from 2011 and 2016 and listing the Bronx, N.Y. Address as his wife's address, id., Ex. D[1]; (5) a copy of Pietrzykowski's wife's New York learner's permit exhibiting the Bronx, N.Y. Address, id., Ex. E; (6) the construction contract between plaintiff and Fabian Construction LLC listing the latter's address as the Bronx, N.Y. Address, id., Ex. F; (7) a document evidencing Pietrzykowski's coverage under the New York State Insurance Fund from June 26, 2019 to January 24, 2020, with the Bronx, N.Y. Address on file, id. Ex. G; (8) Fabian Construction LLC's Chase bank statement dated September 17, 2020 and listing the Bronx, N.Y. Address, id., Ex. H; (9) plaintiff's affidavit of service on Pietrzykowski showing that service of plaintiff's complaint was made at the Bronx, N.Y. Address to Pietrzykowski personally, id. Ex. I; (10) a copy of documents from 2018 confirming Pietrzykowski's health insurance through his wife's employment and listing his address as the Bronx, N.Y. Address, id. Ex. J; and (11) a letter addressed to Pietrzykowski at the Bronx, N.Y. Address from the Morris County Probation Division concerning child support payments, id. Ex. K.

---

[1] The certificates do not have an entry for the child's father's address.

**DISCUSSION**

**1. Applicable Law**

Federal courts are courts of limited jurisdiction and may not entertain matters over which they do not have subject-matter jurisdiction. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Pursuant to 28 U.S.C. § 1332(a)(1), plaintiff invokes diversity jurisdiction as the basis for federal subject-matter jurisdiction over its claims. A plaintiff invoking diversity jurisdiction in its complaint must allege facts sufficient to establish that all plaintiffs possess state citizenship diverse from all defendants, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553-54 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims.").

"The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). "In determining whether a plaintiff has met this burden, we will not draw 'argumentative inferences' in the plaintiff's favor. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)). The Court can "rely on evidence beyond the pleadings" including sworn statements by the

defendant, as well as relevant documents. SM Kids, LLC v. Google LLC, 963 F.3d 206, 210 (2d Cir. 2020).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home. Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). Although a person may have multiple residences at any given time, a person can have only one domicile. Galu v. Attias, 923 F. Supp. 590, 595 (S.D.N.Y. 1996).

The determination of an individual's domicile is a mixed question of law and fact. Palazzo, 232 F.3d at 42. In this regard, we note that courts generally find the following factors helpful in determining a party's citizenship: "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment." National Artists Management Co., Inc. v. Weaving, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). "Courts have also listed other factors as relevant, including whether the person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears), affiliations with social organizations, and the location of a person's physician,

lawyer, accountant, dentist, stockbroker, etc." Id. (citations omitted).

"Where . . . residence is unclear, the court should focus on the intent of the party. To ascertain intent, a court must examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." Id. (citations omitted).

**2. Analysis**

The parties agree that plaintiff is a citizen of New York, that Fabian Construction LLC is a New Jersey-registered LLC, and that Pietrzykowski is the only member of the LLC. The sole source of contention here is the domicile of Pietrzykowski. See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012).

Here, based on the pleadings and documentary evidence provided by the parties, the Court has determined that Pietrzykowski is a citizen of New York. Pietrzykowski asserts in his declaration that he has resided at the Bronx, N.Y. Address for a decade and intends to remain there, and this is substantiated by the records attached to his declaration, including documents showing that Pietrzykowski maintains bank accounts and is registered for workers' and health insurance under his Bronx, N.Y. Address and receives correspondence from the state of New Jersey concerning child support at that address. Additionally,

Pietrzykowski's supporting documents – including the lease for the Bronx, N.Y. Address signed by his wife, his wife's learner's permit and his children's birth certificates – make clear that his immediate family resides at the Bronx, N.Y. Address. See Weaving, 769 F. Supp. at 1228 ("[T]he residence of a married person's spouse and children (if the couple has not separated) is given considerable weight.").

Moreover, the documentation provided by plaintiff does not persuade us otherwise. Apart from Pietrzykowski's New Jersey driver's license, each of the documents that plaintiff has provided concern the operation of Fabian Construction LLC. Indisputably, Fabian Construction LLC is a New Jersey-registered LLC. Thus, it is not significant that Pietrzykowski used a New Jersey address in registering the LLC or when he initially answered plaintiff's complaint pro se purportedly on behalf of the LLC. Pietrzykowski's use of a New Jersey address in connection with the LLC tells us little about the question of his personal domicile. Instead, the evidence provided in Pietrzykowski's declaration, as discussed above, is far more probative on this issue and presents a clear picture of New York citizenship.

Finally, we deny plaintiff's request to conduct jurisdictional discovery on the question of Pietrzykowski's citizenship. Given the submissions of the parties, as addressed above, we are not persuaded that additional discovery would enable

plaintiff to overcome the substantial evidence of Pietrzykowski's connections to the Bronx, N.Y. Address in order to satisfy its burden to establish jurisdiction. See Axalta Coating Sys., LLC v. Atl. Auto Body of Freeport LLC, No. 18 Civ. 3521, 2019 WL 1491959, at *2 (E.D.N.Y. Apr. 4, 2019).[2]

---

[2] Further, plaintiff has twice now had the opportunity "to properly allege subject matter jurisdiction assuming, arguendo, such jurisdiction is present." Axalta Coating Sys., 2019 WL 1491959, at *2. It has twice failed to do so, alleging only that Pietrzykowski has an address in New Jersey and that plaintiff and defendants are not citizens of the same state. See Carter v. HealthPort Tech., LLC, 822 F.3d 47, 60 (2d Cir. 2016) (holding that an allegation that a party is a citizen of a different state, without specifying which different state, "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory."); Jacobs v. Pat. Enf't Fund, Inc., 230 F.3d 565, 567 (2d Cir. 2000) (finding that plaintiffs had failed to aver jurisdiction where "they had alleged only the residence, and not the citizenship (or domicile), of the parties"); cf. Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (quoting Lupo v. Human Affairs Intern., 28 F.3d 269, 274 (2d Cir. 1994)) ("'[W]e are not inclined to countenance prolonged preliminary litigation over the removal issue simply because [the defendant] failed in the first instance to aver a proper jurisdictional basis for removal.'").

## CONCLUSION

For the foregoing reasons, diversity is lacking between plaintiff and defendants in this action, and defendants' motion to dismiss for lack of subject-matter jurisdiction is therefore GRANTED. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 41 and to close the case. The dismissal of this case is without prejudice to plaintiff refiling its complaint in a state court of competent jurisdiction.

**SO ORDERED.**

Dated:    New York, New York
           July 9, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE